UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRIDGETTE, the wife of, AND WILLIAM GAUDET | * * * | CIVIL ACTION NO. |
| V. | * * | JUDGE: ________________ |
| AMERICAN HOME SHIELD CORPORATION | * * * | MAGISTRATE: ________________ |

************************************

## NOTICE OF REMOVAL

Defendant, American Home Shield Corporation ("AHS"), hereby removes to this Court the state court action described below. The state court action is removable under the Class Action Fairness Act ("CAFA") because this is a putative class action with more than 100 putative class members who are seeking to recover in excess of $5,000,000 and there is minimal diversity. Furthermore, the action is removable because diversity jurisdiction exists between the named Plaintiffs and AHS, and the Court can exercise supplemental jurisdiction over the putative class members' claims under 28 U.S.C. § 1367.

## I. BACKGROUND

1. On or about, June 23, 2011, Plaintiffs filed this putative class action in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *Bridgette, the wife of, and William Gaudet v. American Home Shield Corporation*, No. 11-6610. The named Plaintiffs are Bridgette and William Gaudet (the "Gaudets"). *See* Petition at p. 1. The Defendant, AHS, services, administers and sells home service contracts, sometimes called "home warranty contracts," to residential homeowners throughout the United States. *Id.* Plaintiffs seek to

represent a class of "[a]ll current or former American Home Shield Corporation home warranty policyholders, who have made a claim for repair or replacement from October 20, 2009 to the present date . . . to whom insurance coverage is due or owed as a result of a wrongfully denied claim." *Id.* at p. 7.

2. Plaintiffs allege that AHS breached its home warranty contracts and violated its duty of good faith in inspecting and covering claims by denying potential claims under the grounds of "lack of maintenance," "pre-existing condition," or "failure to clean" without a proper inspection or evidence to support such denials. *Id.* at p. 3. Plaintiffs also allege that AHS misrepresented the coverage afforded under the home warranty policy in a calculated effort to deprive homeowners of policy benefits. *Id.* at p. 11. Finally, Plaintiffs allege the breach of contract caused them "pain and suffering," "mental anguish," and "emotional distress." *Id.* at p. 12.

3. The Petition seeks judgment against AHS "declaring that American Home's nationwide practice . . . equates to a breach of contract and bad faith." *Id.* at p. 13. The Petition also seeks injunctive relief that forbids "American Home from failing to honor the coverage provided by its policies issued to policyholders." *Id.* Finally, the Petition seeks damages, penalties and attorneys' fees resulting from AHS's alleged breaches of contract and misrepresentations. *Id.*

4. As required by 28 U.S.C. § 1446(a), AHS has attached all pleadings and service returns available from the state court proceeding. *See* Ex. A.

5. Defendant's agent for service of process was served with notice of this suit on July 6, 2011. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446.

6. Plaintiffs' Petition is removable to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453, because this is a putative class action with more than 100 putative class members who are seeking to recover in excess of $5,000,000, and there is minimal diversity.

7. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there is complete diversity of citizenship between the named plaintiffs and the defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## II. THIS COURT HAS JURISDICTION UNDER CAFA.

8. CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. To that end, CAFA expressly provides that class actions filed in state court are removable to federal court. CAFA expands federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction for a putative class containing at least 100 members; where any member of the putative class is a citizen of a State different from that of any defendant; and in which the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

9. This suit satisfies all the requirements under CAFA for federal jurisdiction. Based upon the allegations in Plaintiff's Petition: (1) the putative class exceeds 100; (2) some of the members of the proposed class have a different citizenship from AHS; and, (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d). No exemption from the dictates of CAFA applies.

**A. <u>The Putative Class Size Exceeds 100</u>.**

10. CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). Here, Plaintiffs have specifically alleged that the proposed class "clearly consists of thousands of persons." Petition at p. 8.

**B. <u>There Exists Minimal Diversity.</u>**

11. The second CAFA requirement is minimal diversity -- at least one putative class member must be a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d)(2).

12. Here, the putative class is a "nationwide class." Petition at p. 7. The named Plaintiffs are specifically alleged to be residents of Louisiana. *Id.* at p. 1. As such, it is clear that at least two putative class members are citizens of the State of Louisiana.

13. AHS is incorporated under the laws of Delaware with its principal place of business in Tennessee. *See* Ex. B. Accordingly, AHS is a citizen of both Delaware and Tennessee for diversity purposes.

14. Therefore, there exists minimal diversity, and this prerequisite of CAFA is met. 28 U.S.C. § 1332(d)(2).

**C. <u>At Least $5,000,000 Is in Controversy</u>.**

15. The third CAFA requirement is that the aggregate amount in controversy must exceed $5,000,000 for the entire putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Here, based upon Plaintiffs' allegations and theories (which AHS disputes, but which control for removal purposes), the $5,000,000 CAFA amount in controversy requirement is satisfied.

16. To determine the amount in controversy under CAFA, all putative class members' claims against AHS must be aggregated. 28 U.S.C. § 1332(d)(6); *see Kearns v. Ford Motor Co.*,

No. 05-5644, 2005 WL 3967998, at **5-6 (C.D. Cal. 2005), *aff'd*, 567 F.3d 1120 (9th Cir. 2009).

17. Plaintiffs' Petition seeks an "injunctive order directing AHS to pay all coverage afforded under the terms and conditions of the policyholder's policy, with full reimbursement or repayment of any funds to which policyholders are entitled or losses and damages class members have or will incur." *See* Petition at p. 13. It also seeks damages for bad faith, inconvenience, pain and suffering, mental anguish and emotional distress, as well as payment of attorneys' fees. *Id.* at pp. 11-12. It even asks for punitive damages. *Id*. at p. 13.

18. Plaintiffs purportedly purchased an air conditioning unit at an approximate cost of $7,000 in August, 2007, *id.* at p. 6, and a second air conditioning unit for $7,500 in July, 2010. *Id.* at p. 7. They allege these two purchases totaling $14,500 should have been covered by the AHS home service contract, and they seek full reimbursement. *Id.* at p. 13. Plaintiffs also assert that their claim is typical of claims of other class members. At $14,500 per claim, 345 putative class members will suffice to satisfy the $5 million CAFA requirement. Plaintiffs allege that there are more than 1,000 putative class members. *Id.* at p. 8. Thus, the amount in controversy requirement can be met just on potential asset-compensation damages alone. In addition, plaintiffs seek damages for bad faith, inconvenience, pain and suffering, mental anguish or emotional distress. Plaintiffs also demand punitive damages and attorney fees. All of these increase the amount of possible damages, especially across a class allegedly consisting of more than 1,000 putative members.

## III. DIVERSITY JURISDICTION

### A. There Is Complete Diversity Among the Named Plaintiffs and the Defendant.

19. Plaintiffs are citizens of the State of Louisiana. Petition at p. 1. AHS is incorporated under the laws of Delaware with its principal place of business in Tennessee. *See* Ex. B. Accordingly, AHS is a citizen of a state other than Louisiana for diversity purposes.

20. A defendant can remove a civil action if the Court has original jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). In a putative class action, only the named parties must be diverse. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Evans v. Int'l Paper Co.*, 2011 WL 2559791, at *2 (W.D. La. June 28, 2011).

21. Because the Plaintiffs are citizens of Louisiana, and AHS is a citizen of another state or states, there is complete diversity of citizenship among the named parties.

### B. The Amount in Controversy Exceeds $75,000.

22. As required by Louisiana law, the Petition is silent as to the amount in controversy. Therefore, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Engstrom v. L-3 Comm'cns Gov't Servs., Inc.*, 2004 WL 2984329, at *3 (E.D. La. Dec. 23, 2004). The removing party can meet this burden by demonstrating that it is facially apparent from the Petition that the claims are likely above $75,000, or, where it is not facially apparent, by setting forth facts in controversy that support such finding. *St. Paul Reins. Co.*, 134 F.3d at 1253-54.

23. Louisiana law provides that attorneys' fees are attributable in their entirety to representative plaintiffs in a class action suit. La. Code Civ. Pro. art 595; *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864 (5th Cir. 2002).

24. Plaintiffs' Petition seeks an "injunctive order directing AHS to pay all coverage afforded under the terms and conditions of the policyholder's policy, with full reimbursement or repayment of any funds to which policyholders are entitled or losses and damages class members have or will incur." *See* Petition at p. 13. It also seeks damages for inconvenience, pain and suffering, mental anguish and emotional distress, as well as punitive damages and payment of attorneys' fees. *Id.* at pp. 11-13. The attorneys' fees in this putative class action will be substantial. Added to the damages claimed by Plaintiffs, the amount in controversy far exceeds $75,000.

25. In sum, considering Plaintiffs' claims for damages, bad faith, inconvenience, pain and suffering, mental anguish and emotional distress, as well as punitive relief and recovery of attorneys' fees, the amount in controversy clearly exceeds $75,000.

26. Because diversity jurisdiction exists between Plaintiffs and AHS, this Court may exercise supplemental jurisdiction over the putative class members' claims. 28 U.S.C. § 1367; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) (so long as one named plaintiff in a class action satisfies the amount in controversy requirement and other elements of diversity jurisdiction exist, diversity jurisdiction is satisfied); *see also In re Abbott Labs*, 51 F.3d 524, 530 (5th Cir. 1995).

**WHEREFORE,** Defendant, American Home Shield Corporation, respectfully requests that this Court assume full jurisdiction over this action.

Respectfully submitted,

*/s/ Stephen H. Kupperman*

Stephen H. Kupperman (T.A. Bar No. 7890)
skupperman@barrassousdin.com
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701

*Attorneys for American Home Shield Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon the plaintiff's counsel by facsimile, hand delivery, electronic mail, court's electronic system, or placing same in the United States mail, postage prepaid and properly addressed, this 3rd day of August, 2011.

*/s/ Stephen H. Kupperman*