UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIDGETTE, the wife of, AND WILLIAM GAUDET | CIVIL ACTION |
| VERSUS | NO. 11-1857 |
| AMERICAN HOME SHIELD CORPORATION | SECTION "N" (1) |

## ORDER AND REASONS

Before the Court is the "**Motion to Remand**" (Rec. Doc. 7), filed by Plaintiffs Bridgette and William Gaudet ("Plaintiffs"). This motion is opposed by Defendant American Home Shield Corporation ("Defendant") (Rec. Doc. 11). After considering the memoranda filed by the parties, the Court rules as set forth herein.

I. **BACKGROUND**

On or about June 23, 2011, Plaintiff filed this putative class action against Defendant in the Civil District Court for the Parish of Orleans. On August 3, 2011, Defendant removed this case to this Court claiming federal jurisdiction based on the Class Action Fairness Act ("CAFA")

and general federal diversity jurisdiction.  On August 31, 2011, Plaintiffs filed the instant motion to remand alleging that this Court does not have jurisdiction to hear this case based on the sole argument that the amount in controversy does not satisfy the jurisdictional amount required by CAFA and 28 U.S.C. § 1332.

Defendant services, administers, and sells home service contracts, sometimes called "home warranty contracts," to residential homeowners throughout the United States.  Plaintiffs allege that Defendant has systematically and improperly denied coverage to policyholders for repair and replacement claims in violation of the terms of the policies it sold.  Plaintiffs seek to represent a class of "[a]ll current or former American Home Shield Corporation home warranty policyholders, who have made a claim for relief or replacement from October 20, 2009 to the present date . . . to whom coverage is due or owed as a result of a wrongfully denied claim for repair or replacement of a home component, appliance or HVAC system, on an alleged failure to clean or maintain or for a pre-existing condition."  Exhibit A to Rec. Doc. 1, p. 7.  Plaintiffs assert that their damages for two denied claims, one in 2007 and one in 2010, total $14,500 and that their putative class consists of thousands of persons.

## II.     ARGUMENTS OF THE PARTIES

Plaintiffs maintain that the amount in controversy is not satisfied in this case under either CAFA or 28 U.S.C. § 1332, while Defendant asserts that the amount in controversy is met under both provisions.

## III. ANALYSIS

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). In assessing the propriety of removal, the Court is guided by the principle, grounded in notions of comity and recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of showing that federal jurisdiction exists at the time of removal. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

CAFA amended the general diversity jurisdiction statute to expand federal court class action jurisdiction. 28 U.S.C. § 1332(d). It grants original jurisdiction to federal courts over class actions when any member of a plaintiff class of more than 100 people is diverse from any defendant and where the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. *Id.* Here, named Plaintiffs are citizens of Louisiana, while Defendant is a Delaware corporation with its principal place of business in Tennessee, making it a citizen of Delaware and Tennessee for purposes of diversity jurisdiction. Exhibit A to Rec. Doc. 1 at 1; Exhibit B to Rec. Doc. 1 at 1; *see* 28 U.S.C. § 1332 (c)(1). Plaintiffs allege that the class they seek to represent consists of thousands of people. Exhibit A to Rec. Doc. 1 at 8. As such, all other requirements for CAFA jurisdiction are met in this case, and the only issue in dispute is the amount in controversy.

Federal courts normally look to the state court petition in order to determine whether the amount in controversy is satisfied. *Manguno*, 276 F.3d at 723. However, Louisiana law

3

prohibits a plaintiff from pleading a specific dollar amount in his prayer for relief. La. Code. Civ. Pro. Ann. Art. 893(A)(1). The United States Court of Appeals for the Fifth Circuit has thus held that a defendant removing a case from a Louisiana court to federal court may demonstrate by a preponderance of the evidence that the plaintiff's claim satisfies the amount in controversy. *Cf. Grant v. Chvron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). The defendant may meet this burden by (1) showing that it is facially apparent from the plaintiff's petition that the claims will likely exceed the amount in controversy, or (2) by presenting summary judgment type evidence of facts in controversy that support a finding of the requisite amount. *Id.* (*quoting Allen*, 63 F.3d at 1335; *accord, Manguno*, 276 F.3d at 723; *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

In this case, Plaintiffs' complaint alleges that as a result of Defendant's failure to abide by the terms of their policy, they were forced to spend $14,500 replacing air conditioning units that should have been covered by Defendants. Plaintiffs further suggest that $7000 of that total is not recoverable in this suit because it is barred by a prior class action settlement entered into in *Fraught v. American Home Shield Corporation*, Civil Action No. 07-1928, Northern District of Alabama, Southern Division. Thus, Plaintiffs seek $7500 in contractual damages in this suit. Plaintiffs also seek to recover for pain and suffering, mental anguish, and emotional distress. Further, Plaintiffs allege that their class consists of thousands of people. Based on these assertions in Plaintiffs' complaint alone, it would be reasonable infer that CAFA's $5,000,000 amount in controversy requirement is satisfied in this case.

However, the Court need not rely on Plaintiff's assertions in determining whether CAFA's amount in controversy is satisfied; Defendant has submitted evidence in the form of an

4

affidavit of Christian Morgan, an underwriting manager with Defendant. Mr. Morgan states that based on his review of company data, he estimates that Defendant denied air conditioning claims totaling more than $5,000,000 based on improper maintenance or lack of maintenance and that the total for all claims would be higher. Based on this evidence, the Court finds that there is at least $5,000,000 in controversy in this suit. CAFA's amount in controversy is therefore satisfied, and the Court has jurisdiction over this suit. Because the Court has jurisdiction under CAFA, Plaintiff's motion is denied.

IV. **CONCLUSION**

Considering the foregoing, **IT IS ORDERED** that the **"Motion to Remand" (Rec. Doc. 7)** is **DENIED**.

New Orleans, Louisiana, this 22nd day of February 2012.

_____
**KURT D. ENGELHARDT**
**United States District Judge**