# APPENDIX A

## SURVEY OF THE FIFTY STATES' AND DISTRICT OF COLUMBIA ELEMENTS OF A BREACH-OF-CONTRACT CLAIM

**Alabama**
HealthSouth Rehabilitation Corp. v. Falcon Management Co., 799 So.2d 177, 182 (Ala. 2001) ("To establish a breach of contract, Falcon was required to prove (1) a valid contract that bound the parties in the action, (2) Falcon's performance under the contract, (3) HealthSouth's nonperformance, and (4) damage")
Hooper v. Columbus Regional Healthcare System, Inc., __ So. 2d __, No. 1031128, 2006 WL 2988689, *3 (Ala. Oct. 20, 2006) ("To establish a breach-of-contract claim, a plaintiff must show (1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages.") (citations and internal quotation marks omitted)
Jones v. Alfa Mut. Ins. Co., 875 So.2d 1189, 1195 (Ala.2003) (same)

**Alaska**
Great Western Sav. Bank v. George W. Easley Co., J.V., 778 P.2d 569, 577-78 (Alaska 1989) (holding that a complaint that alleges that existence of a contract, the breach of that contract, and damages complies with the notice pleading requirements under Alaska law and further holding that consideration need not be pled to properly assert a breach of contract claim)

**Arizona**
Chartone, Inc. v. Bernini, 83 P.3d 1103, 1111 (Ariz. Ct. App. 2004) ("It is well established that, in an action based on breach of contract, the plaintiff has the burden of proving the existence of a contract, breach of the contract, and resulting damages.")

**Arkansas**
Ultracuts Ltd. v. Wal-Mart Stores, Inc., 343 Ark. 224, 231-32, 33 S.W.3d 128, 133 (Ark. 2000) ("A person may be liable for breach of contract if the complaining party can prove the existence of an agreement, breach of the agreement, and resulting damages.")

**California**
Reichert v. General Ins. Co. of America, 68 Cal.2d 822, 830, 69 Cal.Rptr. 321, 325, 442 P.2d377, 381 (Cal. 1968) ("…the essential elements of such a cause of action: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff.")
McKell v. Washington Mut., Inc., 142 Cal. App.4th 1457, 1489, 49 Cal.Rptr.3d 227, 253 (Cal. Ct. App. 2006) ("A cause of action for breach of contract requires pleading of a contract, plaintiff's performance or excuse for failure to perform, defendant's breach and damage to plaintiff resulting therefrom.")

**Colorado**
Western Distributing Co. v. Diodosio, 841 P.2d 1053, 1058 (Colo. 1992) ("It has long been the law in Colorado that a party attempting to recover on a claim for breach of contract must prove the following elements: (1) the existence of a contract, … (2) [substantial] performance by the

plaintiff or some justification for nonperformance, … (3) failure to perform the contract by the defendant, and (4) resulting damages to the plaintiff.")

**Connecticut**
Bouchard v. Sundberg, 80 Conn. App. 180, 189, 834 A.2d 744, 751 (Conn. App. Ct. 2003) ("By contrast, the key elements of a breach of contract action considered by the court are the formation of an agreement, performance by one party, breach of the agreement by the other party and damages.")
Chiulli v. Zola, 905 A.2d 1236, 1243 (Conn. App. Ct. 2006) ("The elements of a breach of contract action are the formation of an agreement, performance by one party, breach of the agreement by the other party and damages.")

**Delaware**
VLIW Tech., LLC v. Hewlett-Packard Co., 840 A.2d 606, 612 (Del. 2003) (holding that the elements of a breach of contract claim are: the existence of a contract, the breach of an obligation imposed by that contract, and resulting damages to the plaintiff).

**District of Columbia**
Proctor v. Ward, 83 A.2d 281, 282 (D.C.App. 1951) (holding that a complaint that alleges an agreement to pay money in consideration for dismissal of a suit existed, that such money was paid, and that the suit was not subsequently dismissed, states a valid breach of contract claim.)

**Florida**
Sulkin v. All Florida Pain Management, Inc., 932 So.2d 485, 486, (Fla. 4th DCA 2006) (explaining that the elements to a breach of contract claim in Florida are a "(1) a valid contract; (2) a material breach; and (3) damages"). Indeed, under Florida law, the "failure to perform some minor part of his contractual duty cannot be classified as a material or vital breach." Id.
A.R. Holland, Inc. v. Wendco Corp., 884 So. 2d 1006, 1008 (Fla. 1st DCA 2004) (explaining that the elements of a breach of contract claim are that: (1) a contract existed, (2) the contract was breached, and (3) damages flowed from that breach.)
J.J. Gumberg Co. v. Janis Services, Inc., 847 So.2d 1048, 1049 (Fla. 4th DCA 2003) (same)
Merin Hunter Codman, Inc. v. Wackenhut Corrections Corp., __ So. 2d __, No. 4D05-3337, 2006 WL 2683314, *1 (Fla. 4th DCA 2006) (The elements of a breach of contract action are a valid contract, a material breach, and damages)

**Georgia**
Budget Rent-A-Car of Atlanta, Inc. v. Webb, 220 Ga.App. 278, 279, 469 S.E.2d 712, 713 (Ga.App. 1996) ("[A]n action at law lies for breach of a contract and that damages are given as compensation for the injuries sustained. The elements of a right to recover for a breach of contract are the breach and the resultant damages to the party who has the right to complain about the contract being broken.")
ISS Intern. Service Systems v. Widmer, 264 Ga.App. 55, 60 n. 15, 589 S.E.2d 820, 825 (Ga. Ct. App. 2003) ("Under OCGA § 13-3-1, the plaintiff in a breach of contract action has the burden of proving three elements: subject matter of the contract, consideration, and mutual assent by all parties to all contract terms.")
Cline v. Lee, 260 Ga.App. 164, 168, 581 S.E.2d 558, 562 (Ga. Ct. App. 2003) (same).

**Hawaii**

Chuck Jones and MacLaren v. Williams, 101 Hawai'i 486, 500, 71 P.3d 437, 451 (Haw. Ct. App. 2003) (explaining that a “breach of contract” claim involves “monetary damages based upon the non-performance of a contractual or quasi-contractual obligation”).

**Idaho**

State ex rel. Robins v. Clinger, 72 Idaho 222, 227, 238 P.2d 1145, 1148-49 (Idaho 1951) (“A complaint based on contract is generally held to be sufficient if it states the making of the contract, the obligations thereby assumed and the breach. The contract in such case contains the primary right of the plaintiff. In the obligation assumed by the defendant is found his duty and his failure to comply with the duty constitutes the breach. When these statements are supplemented with a statement of the amount claimed and a prayer for the judgment, the complaint is complete, and is not one which may be subject to a general demurrer.”) (internal quotation marks omitted)

**Illinois**

Van Der Molen v. Washington Mut. Finance, Inc., 359 Ill.App.3d 813, 823, 835 N.E.2d 61, 69, 296 Ill.Dec. 206, 214 (Ill. App. Ct. 2005) (“To recover the breach of a contract, a party must establish the following elements: ‘(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff.’”)

MC Baldwin Financial Co. v. DiMaggio, Rosario & Veraja, LLC, 845 N.E.2d 22, 30 (Ill. App. Ct. 2006) (“The elements of a contract cause of action are: (1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages.”

**Indiana**

Breeding v. Kye's Inc., 831 N.E.2d 188, 191 (Ind.App. 2005) (“A party breaches a contract when it fails to perform all of the obligations that it has agreed to undertake.”)

Strong v. Commercial Carpet Co., Inc., 322 N.E.2d 387, 391 (Ct. App. 1975) (a prima facie case of the essential elements of a cause of action for a breach of contract: a valid contract, defective performance by the defendant, and resulting damages)

**Iowa**

Molo Oil Co. v. River City Ford Truck Sales, Inc., 578 N.W.2d 222, 224 (Iowa 1998) (In a breach-of-contract claim, the complaining party must prove: (1) the existence of a contract; (2) the terms and conditions of the contract; (3) that it has performed all the terms and conditions required under the contract; (4) the defendant's breach of the contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach. Iowa-Illinois Gas & Elec. Co. v. Black & Veatch, 497 N.W.2d 821, 825 (Iowa 1993). A party breaches a contract when, without legal excuse, it fails to perform any promise which forms a whole or a part of the contract. Magnusson Agency v. Public Entity Nat'l Co., 560 N.W.2d 20, 27 (Iowa 1997)).

**Kansas**

Commercial Credit Corp. v. Harris, 212 Kan. 310, 313, 510 P.2d 1322, 1325 (Kan. 1973) ("In an action based on a contract, the burden of proof is on the plaintiff to show: (1) execution and existence of the contract alleged in the petition; (2) sufficient consideration to support the contract; (3) performance or willingness to perform in compliance with the contract alleged; and (4) the defendant's breach insofar as such matters are in issue.")

**Kentucky**
Strong v. Louisville & N. R. Co., 240 Ky. 781, 43 S.W.2d 11, 13 (Ky. Ct. App. 1931) ("In an action based upon a contract, or which rests upon the violation of a statute, it is essential to a good pleading that facts be averred showing the existence of a duty imposed by the contract or by the statute, and a breach thereof")
Miles v. Miller, 75 Ky. 134, 1876 WL 8199 at *3 (Ky. 1876) ("In declaring on contract, therefore, it is necessary to state the contract, the breach, and the facts which show the loss or damages sustained by reason of the breach.")

**Louisiana**
Sevarg Co., Inc. v. Energy Drilling Co., 591 So.2d 1278, 1281 (La.App. 1991) ("Sevarg's petition clearly set forth a cause of action for breach of contract. The three items of damage stated were the alleged elements of damages suffered as a result of the breach. Sevarg alleged the existence of a contract, attaching it to the petition. Sevarg alleged a breach, specifically that the mud weight and water loss rates were maintained at unacceptable levels. Sevarg alleged damages as a result of the breach, particularizing the damages.")

**Maine**
Maine Energy Recovery Co. v. United Steel Structures, Inc., 724 A.2d 1248, 1250 (Me. 1999)(explaining that the elements of a breach of contract claim are "(1) breach of a material contract term; (2) causation; and (3) damages.").

**Maryland**
Taylor v. NationsBank, N.A., 365 Md. 166, 175, 776 A.2d 645, 651 (Md. 2001) ("To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation. See Continental Masonry Co., Inc. v. Verdel Const. Co., Inc., 279 Md. 476, 480, 369 A.2d 566, 569 (1977). It is not necessary that the plaintiff prove damages resulting from the breach, for it is well settled that where a breach of contract occurs, one may recover nominal damages even though he has failed to prove actual damages."

**Massachusetts**
Ramsdell v. Choice Auto Centers, LLC, 30 Mass.L.Rptr. 558, 2012 WL 6970941, at *3 (Mass.Super.2012). ("To recover under a breach of contract claim, the plaintiff must prove… the existence and terms of a contract supported by valid consideration, that the moving party performed under the contract, that the nonmoving party breached the contract and that this breach resulted in harm or damages to the claimant.").

**Michigan**

Stewart v. Rudner, 349 Mich. 459, 467-69, 84 N.W.2d 816, 822-23 (Mich.1957); Webster v. Edward D. Jones & Co., L.P., 197 F.3d 815, 819 (6th Cir. 1999)(applying Michigan law and noting that to recover for breach of contract under Michigan law, Webster had to prove: 1) the existence of a contract between Jones & Co. and himself, 2) the terms of the contract, 3) that Jones & Co. breached the contract, and 4) that the breach caused his injury.); Bunting v. Progressive Corp., 809 N.E.2d 225, 235 (Ill. App. Ct. 2004) (applying Michigan law and noting that to state cause of action for breach of contract in Michigan, plaintiff must show: (1) valid, enforceable contract; (2) defendant's breach; and (3) damages resulting from that breach.

**Minnesota**
Industrial Rubber Applicators, Inc. v. Eaton Metal Products Co., 285 Minn. 511, 513, 171 N.W.2d 728, 730-31 (Minn. 1969) (overturned on other grounds) ("In an action on a contract such as this the elements would be (a) the formation of the contract; (b) performance by plaintiff of any conditions precedent to his right to demand performance by defendant; and (c) a breach of the contract by defendant.")
Commercial Associates, Inc. v. Work Connection, Inc., 712 N.W.2d 772, 782 (Minn. Ct. App. 2006) ("To establish a breach-of-contract claim, a plaintiff must show that: (1) a contract was formed; (2) the plaintiff performed any conditions precedent; and (3) the defendant breached the contract.")

**Mississippi**
Warwick v. Matheney, 603 So.2d 330, 336 (Miss. 1992) ("In any suit for a breach of contract, the plaintiff has the burden of proving by a preponderance of the evidence: 1. the existence of a valid and binding contract; and 2. that the defendant has broken, or breached it; and 3. that he has been thereby damaged monetarily.")

**Missouri**
Shirley's Realty, Inc. v. Hunt, 160 S.W.3d 804, 807 (Mo.App. 2005) ("To make a claim for breach of contract, 'the plaintiff must show the existence of a contract or agreement and the terms of that agreement, that the plaintiff performed or tendered performance, that the defendant did not perform, and that the plaintiff was thereby damaged.' ")

**Montana**
Lorash v. Epstein, 236 Mont. 21, 24, 767 P.2d 1335, 1337 (Mont. 1989)(explaining related elements to a breach of contract or negligence action against an attorney and noting that this specific cause of action includes an attorney-client relationship (contract), a breach, and damages proximately caused by the breach.

**Nebraska**
Henriksen v. Gleason, 263 Neb. 840, 847, 643 N.W.2d 652, 658 (Neb. 2002) (In order to recover in an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty.)

**Nevada**

Manhattan Associates, Inc. v. Pan Western Corp., No. 2:04-CV-01174-BES-RJJ, 2006 WL 2482420, *3 (D. Nev. Aug. 25, 2006) ("To establish a cause of action for breach of contract in Nevada, a plaintiff must prove: (1) that there was a valid contract; (2) that the plaintiff performed as specified by the contract; (3) that the defendant failed to perform as specified by the contract; and (4) that the plaintiff suffered an economic loss as a result of the defendant's breach of contract.")

**New Hampshire**
Peter Salvucci & Sons, Inc. v. State, 110 N.H. 136, 148, 268 A.2d 899, 907 (N.H. 1970) ("The master also properly ruled that 'the failure of the Highway Department to make said material available to the plaintiff free of charge from the National Forest Land constituted a breach of a positive and material representation in the contract, and the plaintiff is entitled to recover such damages as it may have suffered by such breach.'") (citations omitted).
Lakeman v. La France, 156 A.2d 123, 127 (N.H. 1959) ("An action in contract is based upon a failure to perform a special agreement and the damages recoverable are the difference between the values of the condition promised and the actual condition, including incidental consequences fairly subject to contemplation by the parties when the contract was made.")

**New Jersey**
Murphy v. Implicito, 2005 WL 2447776, *4 (N.J. Super. Ct. App. Div. Sept. 22, 2005) ("To establish a breach of contract claim, a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result.")

**New Mexico**
Camino Real Mobile Home Park Partnership v. Wolfe, 119 N.M. 436, 442, 891 P.2d 1190, 1196(N.M. 1995) ("The plaintiff's burden of proof in an action for breach of warranty thus is identical to the burden of proof in any action for breach of contract. The party relying on the breach of warranty must prove the existence of a warranty, the breach thereof, causation, and damages.")

**New York**
Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994) (applying New York law) ("Under New York law, an action for breach of contract requires proof of (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages.")
Blue Water Environmental, Inc. v. Incorporated Village of Bayville, New York, 13 Misc.3d 1211(A) (Table), No. 15809-04, 2006 WL 2726783, *1 (N.Y. Sup. Ct. Sept. 21, 2006) ("The elements of a cause of action for breach of contract are (1) the existence of a contract; (2) performance by plaintiff; (3) breach by defendant; and (4) damages.")

**North Carolina**
Poor v. Hill, 138 N.C.App. 19, 26, 530 S.E.2d 838, 843 (N.C. Ct. App. 2000) ("The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract.")
Turner v. Ellis, 633 S.E.2d 883, 887 (N.C. Ct. App. 2006) ("A prima facie case for breach of contract is shown by the existence of a valid contract and breach thereof.")

**North Dakota**
U.S. v. Basin Elec. Power Co-op., 248 F.3d 781, 810 (8th Cir. 2001) (applying North Dakota law) ("The elements of a prima facie case for breach of contract are (1) the existence of a contract; (2) breach of the contract; and (3) damages which flow from the breach.")

**Ohio**
Powell v. Grant Med. Ctr., 148 Ohio App.3d 1, 10, 771 N.E.2d 874, 881 (Ohio App. 2002) ("To prove a breach of contract claim, a plaintiff must show "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.")

**Oklahoma**
Digital Design Group, Inc. v. Information Builders, Inc., 24 P.3d 834, 843 (Okla. 2001) ("In order to recover on its breach of contract theory, Digital needed to prove: 1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach.)

**Oregon**
Northwest Natural Gas Co. v. Chase Gardens, Inc., 333 Or. 304, 39 P.3d 846, 850 n.3 (Or. 2002) ("In order for Chase Gardens to recover on its claim of breach of contract, you must find the following elements have been proven by Chase Gardens by a preponderance of the evidence: That there was a contract containing the terms that Chase Gardens claims was breached; that Chase Gardens performed its obligations under any agreement that existed; that Northwest Natural did not perform its obligations under any agreement that existed; and that Chase Gardens was actually damaged by Northwest Natural Gas Company's breach of a term in any agreement that existed.")

**Pennsylvania**
Lackner v. Glosser, 892 A.2d 21, 30 (Pa. Super. Ct. 2006) ("To maintain a cause of action in breach of contract, a plaintiff must establish: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resulting damages.")

**Pennsylvania**
Boyd v. Rockwood Area School Dist., 907 A.2d 1157, 1165 (Pa. Cmwlth App. 2006) (To support a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract between the plaintiff and defendant, including its essential terms; (2) a breach of duty imposed by the contract; and (3) damages resulting from that breach of duty)

**Rhode Island**
Petrarca v. Fidelity and Cas. Ins. Co., 884 A.2d 406, 410 (R.I. 2005) ("As such, Petrarca must not only prove both the existence and breach of a contract, he also must prove that the defendant's breach thereof caused him damages.")

**South Carolina**
Tomlinson v. Mixon, 367 S.C. 467, 626 S.E.2d 43, 49 (S.C.App. 2006) ("To recover for a breach of contract, the plaintiff must prove: (1) a binding contract entered into by the parties; (2) a

breach or unjustifiable failure to perform the contract; and (3) damage suffered by the plaintiff as a direct and proximate result of the breach.")

**South Dakota**
McKie v. Huntley, 620 N.W.2d 599, 603 (S.D. 2000) ("To recover damages for breach of contract, the loss must be clearly ascertainable in both its nature and origin. SDCL 21-2-1. Essential to proving contract damages is evidence that damages were in fact caused by the breach.")
Weitzel v. Sioux Valley Heart Partners, 714 N.W.2d 884, 894 (S.D. 2006) ("The elements of breach of contract are: (1) an enforceable promise; (2) a breach of the promise; and (3) resulting damages.")

**Tennessee**
ARC LifeMed, Inc. v. AMC-Tennessee, Inc., 183 S.W.3d 1, 26 (Tenn.App. 2005) ("The essential elements of any breach of contract claim include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract.")
Life Care Centers of America, Inc. v. Charles Town Associates Ltd. Partnership, 79 F.3d 496, 514 (6th Cir. 1996) (applying Tennessee law) ("the basic elements of a breach of contract case under Tennessee law must include (1) the existence of a contract, (2) breach of the contract, and (3) damages which flow from the breach. The plaintiff's performance under the contract is not an element of his claim, but rather an affirmative defense.")

**Texas**
Marketshare Telecom, L.L.C. v. Ericsson, Inc., 198 S.W.3d 908, 923 (Tex. Ct. App. 2006) ("The elements of a breach of contract claim are: (1) the existence of a valid contract; (2) the plaintiff's performance or tendered performance; (3) the defendant's breach of the contract; and (4) damages as a result of the breach.")
Hussong v. Schwan's Sales Enterprises, Inc., 896 S.W.2d 320, 326 (Tex.App. 1995) ("The essential elements in a suit for breach of contract are: (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach.")

**Utah**
Bair v. Axiom Design, L.L.C., 20 P.3d 388, 392 (Utah 2001) ("The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages.")
MBNA America Bank, N.A. v. Goodman, 140 P.3d 589, 591 (Utah Ct. App. 2006) ("The elements of a breach of contract claim are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages.")

**Vermont**
Reynolds v. Chynoweth, 68 Vt. 104, 34 A. 36, 37 (Vt. 1895) ("The count has all the elements of a declaration in contract,--an allegation of the consideration, the promises, a breach, and the resulting damages.")

**Virginia**
Brown v. Harms, 251 Va. 301, 306, 467 S.E.2d 805, 807 (Va. 1996) ("the essential elements of a cause of action for breach of contract are: (1) a legal obligation of a defendant to the plaintiff, (2) a violation or breach of that right or duty, and (3) a consequential injury or damage to the plaintiff.") (internal quotations omitted)

**Washington**
Lehrer v. State, Dept. of Social and Health Services, 101 Wash.App. 509, 516, 5 P.3d 722, 727 (Wash.App. 2000) ("Generally, a plaintiff in a contract action must prove a valid contract between the parties, breach, and resulting damage.")

**West Virginia**
Metropolitan Life Insurance v. Starcher, 196 W.Va. 519, 474 S.E.2d 186 (W.V. 1996) ("Generally, a plaintiff in a contract action must prove a valid contract between the parties, breach, and resulting damage.")

**Wisconsin**
Riegleman v. Krieg, 271 Wis.2d 798, 808, 679 N.W.2d 857, 862–863 (Wis.App. 2004) ("In evaluating a breach of contract claim, we must first determine whether a valid contract exists. If a valid contract exists, we then must determine whether a party has violated its terms, and whether any such violation is material such that it has resulted in damages.")

**Wyoming**
Cathcart v. State Farm Mut. Auto. Ins. Co., 123 P.3d 579, 589 (Wyo. 2005) ("To establish a breach of an insurance contract, the insured must show the existence of a contract, a breach and damages.")