**APPENDIX B**

**SURVEY OF CONSUMER-PROTECTION STATUTES OF ARKANSAS, FLORIDA, HAWAII, MICHIGAN, AND NEW YORK**

**ARKANSAS**

The Arkansas Deceptive Trade Practices Act ("ADTPA"). A.C.A. § 4-88-107(a) provides a list of "[d]eceptive and unconscionable trade practices made unlawful and prohibited by this chapter." Prohibited practices are knowingly making false representations about goods or services; disparaging the goods, services, or business of another; advertising for sale with intent not to sell as advertised; refusal to deliver a warranty; bait-and-switch advertising; knowingly failing to identify damaged goods as such; false representations about charitable solicitations; knowingly taking advantage of a disabled or disadvantaged consumer; drafting or offering to sell a trust document by a nonlawyer; displaying a fictitious or misleading name on a telephone caller identification service; and at subsection (a)(10), "Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade." A claim brought under A.C.A. § 4-88-107(a)(10)'s catch-all provision does not require knowledge or intent. *Curtis Lumber Co., Inc., v. Louisiana Pacific Corp.*, 618 F.3d. 762, 776 (8th Cir.2010) (applying Arkansas law). As used in subsection (a)(10), an "unconscionable" act is an act that "affronts the sense of justice, decency, or reasonableness." *Baptist Health v. Murphy*, 226 S.W.3d. 800, 811 n. 6 (Ark.2006). This includes acts that violate public policy or a statute. *Independence County v. Pfizer, Inc.*, 534 F.Supp.2d 882, 886 (E.D.Ark.2008) (applying Arkansas law).

A.C.A. § 4-88-113(f) provides, "Any person who suffers actual damage or injury as a result of an offense or violation as defined in this chapter has a cause of action to recover actual damages, if appropriate, and reasonable attorney's fees." A.C.A. § 4-88-107(b) provides, "The deceptive and unconscionable trade practices listed in this section are in addition to and do not

limit the types of unfair trade practices actionable at common law or under other statutes of this state." The limitations period is five years "commencing on the date of the occurrence of the violation or the date upon which the cause of action arises." A.C.A. § 4-88-115. There is no prohibition of class actions.

**FLORIDA**

The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Fla.Stat. § 501.204(1) provides: "Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." The term "trade or commerce" means "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service . . . ." Fla.Stat. § 501.203(a).

Fla.Stat. § 501.211(2) provides a private cause of action which may be brought "by a person who has suffered a loss as a result of a violation of" the FDUTPA, and further provides that such a person may recover actual damages. The remedies provided are cumulative to other available remedies. Fla.Stat. § 501.213(1). Actions based on a statutory liability, such as the FDUTPA, shall be commenced within four years. Fla.Stat. § 95.11(3)(f).

The elements of a FDUTPA claim for damages are (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages. *North American Clearing, Inc. v. Brokerage Computer Systems, Inc.*, 666 F.Supp.2d 1299, 1310 (M.D.Fla.2009) (applying Florida law). Conduct constituting breach of contract is actionable if the conduct underlying the breach is, by itself, unfair or deceptive. *Id.* "An unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id.*

at 1310-11. "Deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Id.* at 1311. Actual reliance is not an element of a claim for a deceptive act or practice under the FDUTPA. *State, Office of Atty. Gen., Dept. of Legal Affairs v. Wyndham*, 869 So.2d 592, 598 (Fla.App. 1st DCA 2004). Class actions are not prohibited by the statute.

**HAWAI'I**

The Hawai'i Unfair or Deceptive Acts or Practices Statute. HRS § 480-2 provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." HRS § 480-13(b) provides, "Any consumer who is injured by any unfair or deceptive act or practice forbidden or declared unlawful by section 480-2: (1) May sue for damages sustained by the consumer, and, if the judgment is for the plaintiff, the plaintiff shall be awarded a sum not less than $1,000 or threefold damages by the plaintiff sustained, whichever sum is the greater . . . ." HRS § 480-1 provides, '"Consumer' means a natural person who, primarily for personal, family, or household pruposes, purchases, attempts to purchase, or is solicited to purchase goods or services . . . ."

To maintain the private right of action, a plaintiff must demonstrate (1) a violation of § 480-2; (2) injury to the consumer caused by such a violation; and (3) proof of the amount of damages. *Isagawa v. Homestreet Bank*, 769 F.Supp.2d 1225, 1236-37 (D.Haw.2011) (applying Hawaii law). An act or practice is unfair when it offends established public policy and when it is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *Balthazar v. Verizon Hawaii, Inc.*, 123 P.3d 194, 202 (Haw.2005).

The limitations period is four years after the cause of action accrues. HRS § 480-24(a). Class actions are specifically authorized. HRS § 480-13.3(b). There is no prohibition of cumulative remedies.

**MICHIGAN**

The Michigan Consumer Protection Act ("MCPA"). M.C.L.A. § 445.903 provides:

> Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows . . . (c) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . .

M.C.L.A. § 902(g) provides, '"Trade or commerce' means the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes . . . ."

M.C.L.A. § 445.911(2) provides that "a person who suffers loss as a result of a violation of this act may bring an action to recover actual damages or $250.00, whichever is greater . . . ." The $250.00 limitation does not apply in a class action. A class action may be brought "for the actual damages caused by" a method, act, or practice in trade or commerce defined as unlawful by the statute. M.C.L.A § 445.911 (3)(a).

There is no reliance requirement for misrepresentation under the MCPA. "We hold that members of a class proceeding under the Consumer Protection Act need not individually prove reliance on the alleged misrepresentation. It is sufficient if the class can establish that a reasonable person would have relied on the representation." *Dix v. American Bankers Life Assur. Co. of Florida*, 415 N.W.2d 206, 209 (Mich.1987).

The limitations period is six years after the occurrence of the method, act, or practice which is the subject of the action, or one year after the last payment in a transaction involving the method, act, or practice which is the subject of the action, whichever is later. M.C.L.A. § 445.911(7). The remedies provided are cumulative to other remedies. M.C.L.A. § 445.916.

**NEW YORK**

The New York Deceptive Business Practices Statute. McKinney's General Business Law § 349(a) provides, "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." Section 349(h) provides that "any person who has been injured by reason of any violation of this section may bring . . . an action to recover his actual damages or fifty dollars, whichever is greater . . . ." The elements of a claim for a violation of the statute are (1) an act or practice that was consumer oriented, (2) an act or practice that was misleading in a material respect, and (3) an injury to the plaintiff. *Ammirato v. Duraclean Intern., Inc.*, 687 F.Supp.2d 210, 221 (E.D.N.Y.2010). Deceptive acts are defined objectively as acts which are likely to mislead a reasonable consumer acting reasonably under the circumstances. *Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29, 43 (E.D.N.Y.2008). Reliance is not an element of a claim under § 349. *Id.* To be consumer oriented, the defendant's acts or practices must have a broad impact on consumers at large. *M & T Mortgage Corp. v. White*, 736 F.Supp.2d 538, 571 (E.D.N.Y.2010). This is distinguished from one-time private-contract disputes unique to the parties thereto. *Servedio v. State Farm Ins. Co.*, 814 F.Supp.2d. 214, 218 (E.D.N.Y.2011). Proof of intent to deceive is not required. *M & T Mortgage Corp.*, 736 F.Supp.2d. at 570. An act or practice is misleading in a material way if it

is likely to mislead a reasonable consumer acting reasonably under the circumstances. *Servedio*, 814 F.Supp.2d. at 218.

Class actions are not prohibited by the statute. A three-year limitations period applicable to statutory liabilities, provided in McKinney's CPLR 216:2, applies to claims brought under § 349.