UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BRIDGETTE GAUDET, ET AL                                    CIVIL ACTION

VERSUS                                                     NO.  11-1857 c/w
                                                                12-1781

AMERICAN HOME SHIELD CORPORATION                           SECTION "N"  (1)

## ORDER AND REASONS

Considering Plaintiffs' Motion to Amend Complaint and for Modification of Certain Deadlines Set Forth in this Court's Scheduling Orders (**Rec. Doc. 124**), and considering the opposition thereto filed by defendants (Rec. Doc. 128);

**IT IS ORDERED** that the motion is **DENIED**.

Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).  Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).  "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.' " *S & W Enters.*, 315 F.3d at 535 (citation omitted).  "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."  *Id.* at 536.

In this case, a scheduling order has been entered, and trial is less than two months away. *See* Rec. Docs. 37 and 38, as amended by Rec. Doc. 65.  Thus, the plaintiffs must clear the hurdle of establishing good cause for their failure to bring their amendment within the Court's deadlines.  The Fifth Circuit looks to four factors in determining whether a movant has established good cause:  "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *S & W Enters.*, 315 F.3d at 536 (internal quotations omitted).

Here, with the exception of the second factor,[1] all of the factors weigh against allowing the late amendment.  The plaintiffs' proposed amendment is late by ten months.  *See* Rec. Doc. 37.   Their sole explanation for their extreme tardiness is that the claims they now seek to add (fraud, punitive damages, and Unfair Trade Practices) would have been unsuitable for class treatment.  Yet, pending class certification is no bar to asserting individual claims.  It is routine for plaintiffs to move for class certification on fewer than all claims asserted.  Moreover, even if pending class certification were a sufficient reason to fail to assert known claims on behalf of an individual plaintiff (it is not), the plaintiffs have offered no explanation for waiting three and a half months after the Court denied class certification to bring the proposed amendment.

The amendment would seriously prejudice the defendants.  Having litigated through two years of pretrial litigation based upon one set of claims, including completion of discovery and

---

[1] The Court will assume for purposes of this motion that the amendment is important to the plaintiffs.

dispositive motions (the deadline for which has now passed), it would be grossly unfair to allow the plaintiffs to now add entirely different claims less than two months before trial. To allow the amendment would force the defendants to prepare an entirely different defense. Nor would such prejudice be remedied by a continuance, for the defendants would be required to bear the cost of added discovery and motion practice directed to the newly added claims, a cost that would not be incurred but for the plaintiffs' remissness.

For these reasons, the Court finds that the plaintiffs have failed to establish good cause for their failure to file their amendment within the Court's established deadline. Therefore, leave is denied.

New Orleans, Louisiana, this 10th day of September, 2013.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE